**FILED**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

JAN 2 8 2008

U.S. Court of Appeals
Fourth Circuit

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Appellee/Cross-Appellant, | ) | |
| | ) | Appeal Nos. 07-11 (L), 07-12 |
| v. | ) | |
| | ) | |
| RICHARD THOMAS STITT, | ) | |
| | ) | |
| Appellant/Cross-Appellee. | ) | |
| | ) | |

**MOTION BY THE UNITED STATES FOR CLARIFICATION
OF THIS COURT'S JANUARY 24, 2008 ORDER**

To assist the parties in drafting any supplemental briefs and in preparing for the tentatively scheduled oral argument in this case, the United States respectfully seeks clarification of this Court's order of January 24, 2008.

The order provides, "The Court has determined that this case will proceed as a direct appeal from appellant's conviction and sentence. Appellant is directed to notify this Court, in writing, within ten days if he wishes to file supplemental briefs in support of any additional issues he wants to raise on appeal." The United States wishes to clarify whether this Court's reference to an appeal from the "conviction and sentence" and the reference to a supplemental brief on "any additional issues" were meant to authorize Stitt to raise challenges to both his conviction and sentence as if he were on direct appeal.

Under *United States v. Hadden*, 475 F.3d 652 (4th Cir. 2007), a district court's ruling on a motion under 28 U.S.C. § 2255 that grants a petitioner a new sentencing hearing, but denies petitioner's challenges to the underlying conviction, is "a hybrid order that is both part of the petitioner's § 2255 proceeding and part of his criminal case." *Id.* at 664. When this Court reviews such a hybrid order, as in this case, only part of a petitioner's appeal is treated as a direct appeal.

As *Hadden* explained, when a petitioner seeks to appeal the portion of a district court's order that upheld his conviction, he must satisfy the requirements for a certificate of appealability, and thus, his appeal on those issues is not considered a direct appeal. "[I]f the petitioner seeks to appeal the order by challenging the district court's decision *not to grant relief* on some of the claims in support of his § 2255 petition, he is appealing the 'final order in a proceeding under § 2255' and must obtain a COA under § 2253." *Hadden*, 475 F.3d at 664 (emphasis in original).

In contrast, the portion of a petitioner's appeal that challenges the new sentence imposed after resentencing is considered a direct appeal. "To the extent the order vacates the original sentence and enters a new criminal sentence," a petitioner's challenge to "*that aspect of the order* is part of the petitioner's

2

criminal case" and thus that part of the appeal is considered a direct appeal. *Id.* at 664 (emphasis added).

Treating part of the appeal as requiring a certificate of appealability and part as a direct appeal achieves "the goal of § 2255 review," which is "to place the defendant in 'exactly the *same* position that he would have been' had there been no error in the first instance." *Id.* at 665 (quoting *United States v. Silvers*, 90 F.3d 95, 99 (4th Cir. 1996)) (emphasis in original). Under *Hadden*, a petitioner whose original sentence was vacated for constitutional error at his original sentencing does receive a new direct appeal of the new sentence that he received after resentencing. Otherwise, petitioner would be worse off by losing a direct appeal of his new sentence. But the petitioner is not provided a new direct appeal of the district court's ruling denying his challenges to his conviction, for that would violate the limitations in § 2253 and § 2255 and would place petitioner in a better position than he would have been absent the constitutional error. Put differently, requiring a separate certificate of appealability for each of petitioner's unsuccessful challenges to his conviction would not "prevent [the petitioner] from ever obtaining direct appellate review of his . . . conviction and sentence." *Hadden*, 475 F.3d at 663.

Stitt has already received a direct appeal of his conviction and failed to establish any entitlement to relief. *See United States v. Stitt*, 250 F.3d 878 (4th Cir. 2001). Afterwards, in his § 2255 motion, he also failed to demonstrate in the district court that he was entitled to any relief from his conviction. Thus, he should be required to obtain a certificate of appealability for each issue he raises in his present appeal that challenges his conviction. *See* 28 U.S.C. § 2253(c)(3) (requiring a certificate of appealability for each issue raised).

The United States agrees that, under *Hadden*, Stitt would be entitled to bring on direct appeal any challenges to his new life sentence that was imposed after the district court resentenced him. In the briefs that he has submitted thus far, Stitt has not sought to challenge the district court's decision to impose a life sentence, but given the complexity of the procedural history of this case, the United States does not object to Stitt filing supplemental briefs limited to challenges to his new life sentence. Of course, if the United States prevails on its cross-appeal, Stitt would face a new capital resentencing.

In sum, the United States believes that the parties would benefit from clarification of this Court's order of January 24, 2008 and that the Court would receive a more focused presentation at any oral argument. Given this Court's opinion in *Hadden*, the United States assumes that this Court's reference in its

4

January 24, 2008 order that Stitt will receive a "direct appeal from [his] conviction and sentence" was not intended to authorize Stitt to bring challenges to his conviction on direct appeal again. Rather, only challenges to Stitt's new life sentence should be reviewed as if on direct appeal. If this Court has concluded that Stitt is entitled to bring a second direct appeal challenging his conviction, however, the United States requests the opportunity to submit further supplemental briefing on that issue.

Respectfully submitted,

Chuck Rosenberg
United States Attorney

Richard D. Cooke
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY certify that on Monday, January 28, 2008, one copy of the

foregoing Motion was sent by first-class mail to the following counsel:


Gerald T. Zerkin
Amy L. Austin
Assistant Federal Defenders
830 East Main Street, Suite 1100
Richmond, Virginia 23210

Christopher J. Collins
304 East Main Street
Richmond, Virginia 23219


Richard D. Cooke
Assistant United States Attorney